SLIP OPINION

Cite as 2015 Ark. 474

# SUPREME COURT OF ARKANSAS

No. CV-15-988

| | |
|---|---|
| NATHANIEL SMITH, MD, MPH, DIRECTOR OF THE ARKANSAS DEPARTMENT OF HEALTH, IN HIS OFFICIAL CAPACITY, AND HIS SUCCESSORS IN OFFICE<br><br>PETITIONER<br><br>V.<br><br><br>MARISA N. PAVAN AND TERRAH D. PAVAN, INDIVIDUALLY AND AS PARENTS, NEXT FRIENDS, AND GUARDIANS OF T.R.P., A MINOR CHILD; LEIGH D.W. JACOBS AND JANA S. JACOBS, INDIVIDUALLY AND AS PARENTS, NEXT FRIENDS, AND GUARDIANS OF F.D.J., A MINOR CHILD; AND COURTNEY M. KASSEL AND KELLY L. SCOTT, INDIVIDUALLY AND AS PARENTS, NEXT FRIENDS, AND GUARDIANS OF A.G.S., A MINOR CHILD<br><br>RESPONDENTS | **Opinion Delivered** December 10, 2015<br><br>PETITION FOR EMERGENCY STAY GRANTED IN PART AND DENIED IN PART; MOTION FOR EXPANSION OF PAGE LIMIT GRANTED. |

## PER CURIAM

Nathaniel Smith, M.D., in his official capacity as Director of the Arkansas Department

of Health, has petitioned this court for an emergency stay of an order entered by the Pulaski

County Circuit Court, Sixth Division. Petitioner requests that the order be stayed pending

an appeal to this court. We grant the petition in part and deny the petition in part.

Respondents, who are the plaintiffs in the lower-court action, are three female same-sex married couples and their children. One spouse in each married couple gave birth to a child. When the Department of Health declined to issue a birth certificate with both spouses listed as parents, respondents filed suit in circuit court seeking a declaration that petitioner's refusal to issue a birth certificate with both spouses listed violated their constitutional rights, as well as a declaration that certain statutory provisions were unconstitutional. Respondents also sought to enjoin enforcement of petitioner's policy against naming both spouses on the birth certificate under these circumstances and an order requiring petitioner to issue corrected birth certificates naming both spouses.

Petitioner answered the complaint and filed a motion for summary judgment. Respondents filed a competing motion for summary judgment. At the conclusion of a hearing on the motions for summary judgment on November 23, 2015, the circuit court announced its intention to order the Department of Health to amend the birth certificates of the child-plaintiffs. No oral ruling was made as to the other claims. Prior to the entry of a written order, petitioner requested a stay pending appeal. On December 1, 2015, the circuit court entered both an order and a memorandum opinion. In those documents, the circuit court ordered petitioner to issue amended birth certificates to respondents, declared portions of Arkansas Code Annotated section 20-18-401 (Repl. 2014) unconstitutional, and imposed a specific definition of a phrase used in Arkansas Code Annotated section 20-18-406 (Repl.

2014).[1] The circuit court also denied petitioner's motion for a stay. Petitioner has filed a notice of appeal from the order.

Rule 8 of the Arkansas Rules of Appellate Procedure–Civil grants this court, by implication, the discretion to stay a lower-court judgment pending appeal. *See Smith v. Denton*, 313 Ark. 463, 855 S.W.2d 322 (1993). Our consideration of a request for a stay includes preservation of the status quo ante, if possible, and the prejudicial effect of the passage of time necessary to consider the appeal. *Id.* Also, in deciding whether to grant this petition for emergency stay, we are guided by four factors: (1) petitioner's likelihood of success on the merits; (2) the likelihood of irreparable harm to the petitioner absent a stay; (3) whether the grant of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See Hilton v. Braunskill*, 481 U.S. 770 (1987).

The named plaintiffs either have already received or will receive the individual relief they have requested, so a stay would not prejudice them. Also, the issues presented are complex, with portions of a statute being struck and substantial additions being made to a

---

[1] Specifically, the circuit court struck subsections (e) and (f) of Arkansas Code Annotated section 20-18-401 and required that the phrase "person has been legitimated" as used in Arkansas Code Annotated section 20-18-406 be defined "to include the minor child of any couple—same sex or opposite sex—who married subsequent to the birth of the minor child, and who present proof to the Arkansas Department of Health of the date of birth of the minor child and of the date of their marriage. In the event any biological parent is listed on a birth certificate sought to be amended, a court order shall be required before an amended certificate is issued which removes such person(s) name. In the event one or both of the spouses was married to another individual at any time from the birth of the minor child forward, no amended birth certificate shall be issued absent a court order naming the current spouses as the parents of the minor child."

provision of the Arkansas Code by the circuit court. Substantial confusion could result if the circuit court's order were to remain in effect and subsequently be altered by a decision of this court on appeal. Under these circumstances, the best course of action is to preserve the status quo ante with regard to the statutory provisions while we consider the circuit court's ruling.

Petitioner has indicated that he does not wish to challenge the portion of the order requiring him to provide amended birth certificates to the named plaintiffs. Accordingly, we deny the petition for emergency stay as to the portions of the order and memorandum opinion ordering petitioner to provide amended birth certificates to respondents. We grant the petition for emergency stay as to the remainder of the order and memorandum opinion. We also grant petitioner's motion for expansion of page limit.

We note that the circuit court's order and memorandum opinion contain inappropriate remarks. We do not address those remarks at this time. Instead, we will address them following our receipt of the entire record on appeal.

Petition for emergency stay granted in part and denied in part; motion for expansion of page limit granted.

WOOD, J., concurs in part and dissents in part.

DANIELSON, J., dissents.

**RHONDA K. WOOD, JUSTICE, concurring in part and dissenting in part.** I dissent from the majority's decision to stay the circuit court's order declaring portions of Arkansas Code Annotated section 20-18-401 unconstitutional. This section relates to the issuance of initial birth certificates. In this case, same-sex couples have asked the Department

of Health to issue birth certificates to their children, born subsequent to their union, with both spouses' names listed as the parents. The circuit court granted this request, and I think this portion of the circuit court's order should remain in place.

The factors we consider for determining the appropriateness of a stay weigh against granting the stay. First, there is little likelihood of success on the merits to the State's challenge of the circuit court's ruling on section 20-18-401. Nor will irreparable harm ensue. The State has elected not to appeal the court's ruling as it relates to these respondents. This suggests that, at a minimum, the State concedes that children born subsequent to a same-sex couple's union should be issued birth certificates and that there is no irreparable harm in issuing the certificates. Next, the balance of the equities weighs in favor of all same-sex couples having the right to have both spouses listed on the child's birth certificate when the child was born subsequent to that union. This is especially true because these respondents are receiving immediate relief while, as a result of the majority's stay, others will not. Last, the public interest weighs in favor of recognizing children born of a lawful union so these children receive certain benefits.

The same factors weigh in favor of staying the circuit court's ruling regarding section 20-18-406, and on this point I agree with the majority.

**PAUL E. DANIELSON, JUSTICE, dissenting.** I respectfully dissent. Because it is my opinion that Petitioner Smith has failed to demonstrate that a stay is warranted in this case, I would deny the petition for emergency stay.

*Cheryl K. Maples*, for respondents.

*Leslie Rutledge*, Att'y Gen., by: *Colin R. Jorgensen*, Ass't Att'y Gen., for appellee.